THE STATE OF OHIO, APPELLANT, *v.* PACHAY, APPELLEE.

(No. 80-393—Decided December 23, 1980.)

*Mr. John E. Shoop,* prosecuting attorney, and *Mr. Joseph M. Gurley,* for appellant.

*Mr. Marvin R. Plasco* and *Mr. Samuel Militello,* for appellee.

DOWD, J. This cause presents the question of whether this court should invalidate the speedy trial statutes, R. C. 2945.71 *et seq.*,[1] as a usurpation of judicial power in contravention of the Ohio Constitution.[2] The inquiry is appropriate. It is prompted by our holdings in previous cases where attempts by the General Assembly to dictate judicial action within a specified time were struck down or ignored as legislative invasions of judicial power. See *James* v. *West* (1902), 67 Ohio St. 28; *Schario* v. *State* (1922), 105 Ohio St. 535; *State, ex rel. Ticknor,* v. *Randall* (1949), 152 Ohio St. 129; *Kyes* v. *Pennsylvania R.R. Co.* (1952), 158 Ohio St. 362; *State, ex rel. Turrin,* v. *County Court* (1966), 5 Ohio St. 2d 194.

The right of an accused to a speedy trial is recognized by the Constitutions of both the United States and the state of Ohio.[3] In Ohio, beginning with the year 1869, this constitutional right, described as of "amorphous quality" in *Barker* v. *Wingo* (1972), 407 U. S. 514, 522, has been the subject of legislative enactment designed to quantify the right to a speedy trial in a more specific time frame.[4] From 1869 to 1974, the statutory speedy trial provisions focused on terms of court and recognized a distinction between the accused held in jail and the accused free on recognizance.[5] This court interpreted

---

[1] R. C. 2945.71 allows for a specified number of days from arrest to trial, based upon the classification of the crime charged. Each day in jail in lieu of bond is counted as three days. R. C. 2945.72 provides for an extension of the time limits under a variety of circumstances. R. C. 2945.73 mandates discharge when the accused is not timely brought to trial.

[2] Section 1, Article 4 of the Ohio Constitution, provides:

"The judicial power of the state is vested in a supreme court, courts of appeals, courts of common pleas and divisions thereof, and such other courts inferior to the supreme court as may from time to time be established by law."

[3] See Amendment VI to the United States Constitution; Section 10, Article I of the Ohio Constitution.

[4] See, generally, 66 Ohio Laws 311, Sections 161-163; 73 Ohio Laws 248, Section 161; 113 Ohio Laws 123.

[5] On May 6, 1869, the Ohio General Assembly enacted a Code of Criminal Procedure which became effective August 1, 1869. Sections 161, 162 and 163 provided:

"SEC. 161. If any person indicted for any offense and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after such indictment is found, he shall be entitled to be discharged, so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner.

and enforced the time limits. See *Ex parte McGehan* (1872), 22 Ohio St. 442; *Erwin* v. *State* (1876), 29 Ohio St. 186; *Johnson* v. *State* (1884), 42 Ohio St. 207; *State* v. *Cunningham* (1960), 171 Ohio St. 54; *State* v. *Gray* (1964), 1 Ohio St. 2d 21; *State* v. *Cross* (1971), 26 Ohio St. 2d 270.

The new Ohio Criminal Code became effective January 1, 1974. It included a more precise legislative pronouncement with respect to speedy trial provisions. The distinction between an accused in jail and an accused free on recognizance was again recognized by the triple-count provisions of R. C. 2945.71(D). Time limits were fixed in accordance with the severity of the crime charged. An elaborate legislative scheme was devised with respect to exceptions. The interpretation and enforcement of R. C. 2945.71 *et seq.*, as effective January 1, 1974, has been a prolific source of litigation before this court. See, *e.g., State* v. *Pudlock* (1975), 44 Ohio St. 2d 104; *State* v. *Walker* (1976), 46 Ohio St. 2d 157; *State* v. *Davis* (1976), 46 Ohio St. 2d 444; *State* v. *MacDonald* (1976), 48 Ohio St. 2d 66; *State* v. *Lee* (1976), 48 Ohio St. 2d 208; *State* v. *Singer* (1977), 50 Ohio St. 2d 103; *State* v. *Tope* (1978), 53 Ohio St. 2d 250; *State* v. *Pugh* (1978), 53 Ohio St. 2d 153; *State* v. *Wentworth* (1978), 54 Ohio St. 2d 171; *State* v. *McBreen* (1978), 54 Ohio St. 2d 315; *State* v. *McRae* (1978), 55 Ohio St. 2d 149; *State* v. *Ladd* (1978), 56 Ohio St. 2d 197; *State* v. *Martin* (1978), 56 Ohio St. 2d 207; *Westlake* v. *Cougill* (1978), 56 Ohio St. 2d 230; *State* v. *Martin* (1978), 56 Ohio St. 2d 289; *Elmwood Place* v. *Denike* (1978), 56 Ohio St. 2d 427; *State* v. *Cutcher* (1978), 56 Ohio St. 2d 383; *State* v. *Siler* (1979), 57 Ohio St. 2d 1; *State* v. *Montgomery* (1980), 61 Ohio St. 2d 78; *State* v. *Bauer* (1980), 61 Ohio St. 2d 83; *Aurora* v. *Patrick* (1980), 61 Ohio St. 2d

---

"SEC. 162. If any person indicted for any offense, who has given bail for his appearance, shall not be brought to trial before the end of the third term of the court in which the cause is pending, held after such indictment is found, he shall be entitled to be discharged, so far as relates to such offense, unless the delay happen on his application, or be occasioned by the want of time to try such cause, at such third term.

"SEC. 163. If, when application is made for the discharge of a defendant under either of the last two sections, the court shall be satisfied there is material evidence on the part of the state, which cannot then be had, that reasonable exertions have been made to procure the same, and that there is just ground to believe that such evidence can be had at the succeeding term, the cause may be continued, and the prisoner remanded or admitted to bail, as the case may require."

107; *State* v. *Bonarrigo* (1980), 62 Ohio St. 2d 7; *State* v. *Reeser* (1980), 63 Ohio St. 2d 189. See, generally, Comment, An Analysis of the Judicial Interpretation of the 1974 Speedy Trial Act: The First Five Years, 40 Ohio St. L. J. 363.

Throughout the long history of litigation involving application of the speedy trial statutes, this court has repeatedly announced that the trial courts are to strictly enforce the legislative mandates evident in these statutes. *State* v. *Gray, supra; State* v. *Cross, supra,* at page 275; *State* v. *Singer, supra,* at page 105; *State* v. *Tope, supra,* at page 252; *State* v. *McBreen, supra,* at page 317; *State* v. *Cutcher, supra,* at page 384; *State* v. *Pudlock, supra,* at page 105; *State* v. *Montgomery, supra,* at page 80. This court's announced position of strict enforcement has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial. *State* v. *Pudlock, supra.* Other jurisdictions have treated similar statutory provisions in this manner.[6]

Increasing stress upon trial courts with overburdened dockets to meet statutory speedy trial deadlines has prompted a re-examination of the validity of such statutes in the context of the constitutional separation of powers doctrine. Cogent arguments have been presented that such statutes do infringe upon judicial prerogatives and should be declared invalid. See *State* v. *Pugh, supra,* at page 155 (Herbert, J., concurring opinion); *United States* v. *Howard* (D. C. Md. 1977), 440 F. Supp. 1106; *United States* v. *Martinez* (C.A. 2, 1976), 538 F. 2d 921.[7]

Several recent opinions of this court inferentially recognize the claim that the General Assembly, by enacting R. C. 2945.71 *et seq.,* has dictated to the judiciary on pro-

---

[6] See, *e.g., Underhill* v. *State* (1973), 129 Ga. App. 65, 198 S.E. 2d 703; *Townsend* v. *Superior Court* (1975), 15 Cal. 3d 774, 543 P. 2d 619; *State* v. *Lindsay* (1975), 96 Idaho 474, 531 P. 2d 236; *People* v. *Sibley* (1976), 41 Ill. App. 3d 616, 354 N.E. 2d 442; *Commonwealth* v. *Fields* (1976), 371 Mass. 274, 356 N.E. 2d 1211; *Faulk* v. *State* (1977), 261 Ark. 543, 551 S.W. 2d 194; *State* v. *Driever* (La. 1977), 347 So. 2d 1132; *State* v. *Lacy* (W. Va. 1977), 232 S.E. 2d 519; *State* v. *Warren* (1978), 224 Kan. 454, 580 P. 2d 1336.

[7] See Joseph, Speedy Trial Rights in Application, 48 Fordham L. Rev. 611, where existing state constitutional, statutory, and court rule provisions for speedy trials are summarized and reviewed.

cedures that are solely within the domain of the judiciary. See *State* v. *Singer, supra,* at page 106; and *State* v. *Ladd, supra,* at pages 200-201.[8] Nonetheless, this court has chosen to enforce the mandate of the present speedy trial statutes in the belief that R. C. 2945.71 *et seq.,* as enacted with respect to felonies and misdemeanors, represent a rational effort to enforce the constitutional guarantee of a speedy trial.[9] *State* v. *Singer, supra,* page 106; *State* v. *Tope, supra,* page 252; *State* v. *Cutcher, supra,* page 384.

Neither the facts in the cause *sub judice* nor current studies of the disposition of criminal cases by the trial courts of this state [10] suggest that this court should now modify its long-

---

[8] In *State* v. *Ladd* (1978), 56 Ohio St. 2d 197, Justice Paul W. Brown, writing for the court, declared:

"The rationale supporting these statutory provisions was to prevent inexcusable delays caused by indolence within the judicial system. The difficulties involved in drafting a statutory scheme to encompass the complexities of a *Barker* v. *Wingo, supra,* formulation, however, made it desirable for the General Assembly to develop simple rules of law, ones which in theory could be easily applied by the courts to divergent factual circumstances. The problems created by implementation of these simple rules, however, are common to all overly simplified laws; they are overbroad in that they tend to cover situations which were not originally contemplated by the legislators. It is for this reason, and because this area of law has traditionally been one of judicial preeminence, a preeminence necessitated by our obligation to consider all factors relevant to the preservation of constitutional guarantees, that we have proceeded with some reluctance to follow legislative guidance in the area of speedy trials.

"Although we have followed these legislative enactments in the past, we have done so with the understanding that these statutes have application only in those limited circumstances where the purpose of the legislation is furthered by judicial enforcement. Indeed, while it is clear that there may be situations wherein the statutes do not adequately afford the protection guaranteed by the federal and state constitutions, in which case it is our duty to see that an accused receives the protection of the higher authority, there will likewise be situations where we must find that the statutes have no applicability, despite their broad language, when legislative goals and judicial autonomy would be derogated by their enforcement. It is only with this understanding that we can justify our adherence to the General Assembly's formulation of the right to a speedy trial."

[9] This court has not had the occasion to consider a case involving the application of the speedy trial statutes to minor misdemeanors. However, we note with approval the action of the General Assembly, in 1975, in increasing the trial time limit for a minor misdemeanor from 15 to 30 days. See 136 Ohio Laws 185, Pt. I.

[10] The 1976 Ohio Courts Summary, Supreme Court of Ohio, shows that on January 1, 1975, the total number of pending felony and misdemeanor cases (including traffic offenses) was 111,640. The 1979 Ohio Courts Summary indicates that the number increased to 120,017 by December 31, 1979.

standing commitment to strict enforcement of the speedy trial statutes. However, either a legislative modification of R. C. 2945.71 *et seq.* shortening the time for trial or repealing existing exceptions to the application of time limits, or the demonstrable inability of the trial courts to meet increased burdens, would constitute a basis for further examination of the speedy trial statutes by this court.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

W. BROWN, P. BROWN and SWEENEY, JJ., concur.

CELEBREZZE, C. J., and LOCHER, J., concur in the judgment.

HOLMES, J., dissents.