DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Jiimmeellee L. Smith appeals his convictions in the Lorain County Court of Common Pleas. We affirm.
On December 22, 1995, appellant went to visit LaShawnda Slaughter, his former girlfriend, at her residence in Lorain. After speaking with Ms. Slaughter and arguing with her mother, Ms. Fowler, Mr. Smith grabbed Ms. Slaughter by the throat, pulled out a handgun, cocked it, and pointed it at her face. A struggle ensued, and two shots were fired. Neither Ms. Slaughter nor her mother was seriously injured.
After the altercation ceased, Mr. Smith left the house and covertly placed the gun in the car of Ms. Dana Carter, who was waiting for him. Ms. Carter then drove away with the weapon. Responding to a police dispatch, Sergeant James McCann of the Lorain Police Department went to Ms. Slaughter's residence. Sergeant McCann arrested Mr. Smith whom he had observed fleeing the area.
Subsequently, on January 5, 1996, the Lorain County Grand Jury indicted Mr. Smith on four counts: (1) attempted murder, in violation of R.C. 2923.02(A) and 2903.02(A); (2) felonious assault, in violation of R.C. 2903.11(A)(2); (3) receiving stolen property, in violation of R.C. 2913.51(A); (4) tampering with evidence, in violation of R.C. 2921.12(A)(1); and two accompanying specifications.
Pursuant to the indictment, an officer of the Lorain County Sheriff's Department arrested Mr. Smith on January 9, 1996. He remained in jail until he posted bond on July 3, 1996. Then, on November 1, 1996, appellant's bond was revoked because he violated its terms, and a capias was issued for his arrest. On September 4, 1997, the Lorain County sheriff picked up Mr. Smith on the capias. A bond hearing was held, and bond was set at $50,000. Since appellant could not post bond, he remained in jail until his trial on June 1, 1998.
During pretrial, appellant waived his right to a speedy trial nine times.[1] Five of the waivers were made during his incarceration between January 9, 1996 and July 3, 1996. While he was out on bond, he executed three more waivers. The final waiver was made approximately nine months after appellant had been arrested and put back in jail for violating the terms of his release. Lastly, during pretrial, two of Mr. Smith's defense attorneys withdrew from representation with permission of the court. Both attorneys stated that appellant was uncooperative as their reasons for withdrawing.
A jury trial began on June 1, 1998. In a plea that was journalized on June 2, 1998, appellant pleaded guilty to receiving stolen property, in violation of R.C. 2913.51(A). A jury trial was held on the remaining three counts and two specifications. In a verdict that was journalized on June 5, 1998, the jury found appellant guilty of felonious assault with a gun specification and tampering with evidence. He was sentenced accordingly. This appeal followed.
The appellant asserts one assignment of error:
 APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE DEFENSE COUNSEL FAILED TO MOVE TO DISMISS THE CHARGES PURSUANT TO THE STATUTORY SPEEDY TRIAL REQUIREMENTS OF R.C. 2945.71 ET SEQ.
Appellant contends that he was denied effective assistance of counsel when his attorney failed to make a motion to dismiss the charges pursuant to the statutory speedy trial requirements of R.C. 2945.71 et seq. We disagree.
An attorney properly licensed in Ohio is presumed competent.State v. Hamblin (1988), 37 Ohio St.3d 153, 155-56, quoting Vaughnv. Maxwell (1965), 2 Ohio St.2d 299, 301. A criminal defendant is guaranteed a right to the effective assistance of counsel by theSixth Amendment. See McMann v. Richardson (1970), 397 U.S. 759,771, 25 L.Ed.2d 763, 773 fn. 14. A two-part test is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 693.
In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. "Ultimately, the reviewing court must decide whether, in light of all the circumstances, the challenged act or omission fell outside the wide range of professionally competent assistance." See State v.DeNardis (Dec. 29, 1993), Medina App. No. 2245, unreported, at 4.
The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. The Ohio Legislature enacted R.C. 2945.71 et seq. to enforce a defendant's constitutional right to a speedy trial. The Ohio Supreme Court found the statutory speedy trial provisions of R.C. 2945.71 et seq. and the constitutional guarantees found in the United States and Ohio Constitutions to be coextensive. State v. O'Brien (1987), 34 Ohio St.3d 7,9. Consistent with this principle, the court held that "[t]he statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." State v. Pachay (1980), 64 Ohio St.2d 218, syllabus.
R.C. 2945.71(C)(2) provides that "[a] person against whom a charge of felony is pending: * * * Shall be brought to trial within two hundred seventy days after his arrest." In addition, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days"; thus, if the accused is held in jail in lieu of bail, the time within which the trial must be held is ninety days instead of two-hundred and seventy days. R.C. 2945.71(E).
It is well settled law that an accused may waive his rights to a speedy trial so long as the waiver is knowingly and voluntarily made. Barker v. Wingo (1972), 407 U.S. 514, 529,33 L.Ed.2d 101, 116. A defendant's waiver of his right "to a speedy trial must be expressed in writing or made in open court on the record." State v. King (1994), 70 Ohio St.3d 158, syllabus.
Here, appellant does not argue and there is no evidence in the record that suggests that his waiver was not knowingly and voluntarily made. Each waiver was in writing and expressly waived appellant's rights to a speedy trial pursuant to R.C. 2945.71 etseq. Thus, the relevant issue in the case at bar is whether appellant's waiver was of unlimited duration or was confined to a specific period of time.
Mr. Smith argues that his speedy trial rights were violated when he was held in jail between September 4, 1997 (the date of his re-arrest) and May 22, 1998 (the last speedy trial waiver) because this time period was in excess of the ninety day statutory period. At the crux of appellant's argument is that each of the waivers was limited to a specific period of time. He contends that each waiver was valid only between the signing of the particular waiver and the subsequent pretrial conference. We disagree.
In O'Brien and Lee, similar waivers were construed as waivers of unlimited duration. O'Brien, 34 Ohio St.3d at 9 (holding a waiver that expressly waived the accused's right to a speedy trial under the statute without mentioning a specific time period was unlimited in duration); State v. Lee (Apr. 13, 1994), Lorain App. No. 93CA005671, unreported, at 4-5 (rejecting appellant's argument that a waiver, which did not specify a limited time frame, was only a waiver for the period of time between the date of the waiver and the originally scheduled date of trial). Moreover, this court held in In Re Fuller that in the absence of a clearly articulated specific period of time, a waiver is of unlimited duration. In Re Fuller (Dec. 14, 1994), Summit App. No. 16824, unreported, at 5. In the case at bar, appellant signed waivers that contained no language limiting the time in which they were to operate. Thus, we conclude that the waivers were of unlimited duration because they contained no language limiting time.
Moreover, once an accused has made an express, written waiver of unlimited duration, "the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time."[2] O'Brien, 34 Ohio St.3d at paragraph two of the syllabus. In the case at bar, appellant never filed a formal written objection and demand for trial; therefore, we find Mr. Smith's waiver of unlimited duration continued to operate until the date of trial. Hence, we ascertain that appellant waived his right to a speedy trial pursuant to R.C. 2945.71 et seq.
As this court finds appellant's right to a speedy trial was not violated, his trial counsel did not err in failing to make a motion to dismiss pursuant to R.C. 2945.71 et seq. See State v.Clary (1991), 73 Ohio App.3d 42. In Clary, the appellant claimed that he was denied the effective assistance of counsel because his attorney did not file a motion to dismiss on speedy trial grounds.Id. at 45-46. The court found that the accused had waived his right to a speedy trial; thus, a motion to dismiss would be without merit. Id. at 48. As a result, the court in Clary
concluded that attorneys should not have to file fruitless, time-consuming motions that consume the court's valuable resources and noted that there is a hidden incentive for an attorney to "strategically fail to file such motions, knowing that her client would automatically obtain a new trial." Id. at 48-49. As a result, the Clary court found that the defense counsel "did not substantially violate any essential duty to his client." Id. at 49; see, also, State v. Thompson
(1994), 97 Ohio App.3d 183, 185-87.
Similarly, in the case at bar, we reject appellant's contention that his attorney's failure to file a motion to dismiss based upon speedy trial grounds was not "objectively reasonable" and was "prejudicial." Since a motion to dismiss on speedy trial grounds would certainly be denied, we find that defense counsel's performance cannot be said to be deficient.
Assuming, arguendo, that defense counsel's performance was deficient, we conclude that appellant would still not have been prejudiced because he cannot show that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, 42 Ohio St.3d at paragraph three of the syllabus. Here, if Mr. Smith's attorney had made the motion at trial, it would have been denied, and the trial would have commenced. Thus, even if appellant's attorney had made an error by not making the motion, the end result would have been the same. Appellant would have been tried and convicted. Hence, we conclude that since appellant cannot satisfy either prong of the Strickland test, appellant's defense counsel did not err in failing to file a motion to dismiss based upon speedy trial grounds, pursuant to R.C. 2945.71 et seq. Therefore, appellant's claim of ineffective assistance of counsel must be denied.
Appellant's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER, FOR THE COURT
BAIRD, P.J. and SLABY, J. CONCUR
[1] These waivers were journalized on January 22, 1996, February 26, 1996, March 25, 1996, June 14, 1996, July 1, 1996, July 19, 1996, August 19, 1996, September 3, 1996, and May 22, 1998.
[2] Approximately two and one half years passed between appellant's initial arrest on January 9, 1996 and the start of trial on June 1, 1998. Most of the delays, however, were attributable to actions of the appellant. He had two attorneys withdraw from representation with the court's permission. They both cited Mr. Smith's uncooperative nature as their reason for withdrawing. Moreover, another delay, approximately eleven months, occurred during the time between the revocation of appellant's bond and his re-arrest on a capias. Lastly, the trial court further delayed the trial because it had a full docket and had already scheduled another trial. Since the trial judge duly noted the reason for the continuance in a journal entry, the trial court's sua sponte delay of the trial is permissible. See King,70 Ohio St.3d at 160. The delays cannot be said to have prejudiced appellant because they provided each new counsel time to prepare appellant's defense.