OPINION
Defendant-appellant Paul Conant appeals his convictions and sentences entered by the Richland County Court of Common Pleas on one count of rape, in violation of R.C. 2907.02(A)(1); one count of sexual battery, in violation of R.C. 2907.03(A)(2), and one count of corruption of a minor, in violation of R.C. 2907.04(A). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On January 8, 1998, the Richland County Grand Jury indicted appellant on the aforementioned charges. Appellant was arrested on January 16, 1998. At his arraignment on January 28, 1998, appellant plead not guilty to the charges contained in the Indictment. Appellant filed a Demand for Discovery/Bill of Particulars/Request for Notice of Prosecutor's Intention to Use Evidence on January 30, 1998. The State filed a Rule 16 Discovery Compliance as well as a Motion for Discovery on February 4, 1998. Prosecutor pretrial conferences were held on February 9, 1998, and April 20, 1998. Pretrial conferences were held before the trial court on July 9, 1998, August 10, 1998, and September 11, 1998. In early October, 1998, the trial court scheduled a jury trial in the matter for November 2, 1998. Appellant filed a Motion In Limine as well as a Motion to Suppress on October 26, 1998, and a Motion to Dismiss on speedy trial grounds on October 27, 1998. On November 2, 1998, appellant, as part of a plea agreement, withdrew his pleas of not guilty and entered pleas of guilty to one count of sexual battery and one count of corruption of a minor. The State of Ohio dismissed the rape count. The change of pleas and dismissal of the rape count were memorialized via Admission of Guilt/Judgment Entry filed November 3, 1998. The trial court did not rule on appellant's motion to dismiss. On December 15, 1998, the day scheduled for sentencing, the trial court permitted appellant to withdraw his guilty pleas. On December 17, 1998, appellant's trial counsel filed a Motion to Withdraw claiming irreconcilable differences with appellant. The trial court granted the motion via Judgment Entry filed December 28, 1998. Via Judgment Entry dated January 5, 1999, the trial court rescheduled the trial for January 11, 1999. Pursuant to appellant's request and as a result of information obtained through the pre-sentence investigation, the trial court recused itself and transferred the case to Judge James DeWeese. In the same judgment entry, the trial court noted: [D]ue to delay occasioned by [appellant] withdrawing his plea and his request through counsel, that the court recuse itself from this case, time for purposes of speedy trial calculations is hereby tolled from 11-2-98 until 12-15-98 and from December 15, 1998 until such time as the matter can reasonably set for trial before Judge DeWeese. Any previous rulings regarding the tolling of time remain in full force and effect. On January 5, 1999, Attorney Donald R. Teffner, new counsel for appellant, filed a Motion for a Discharge for Delay in Trial. The trial court scheduled a hearing on the motion for January 29, 1999. Via Judgment Entry on Time Motion filed February 3, 1999, the trial court overruled appellant's motion, finding his entering of a guilty plea waived his right to object on speedy trial grounds. The trial court scheduled a jury trial in the matter for May 20, 1999. On the day of trial, appellant entered a plea of no contest to one count of rape, one count of sexual battery, and one count of corruption of a minor. The trial court found appellant guilty and scheduled a sexual predator hearing for the following day. The trial court sentenced appellant to nine years on the rape count, seventeen months each on the sexual battery and corruption of a minor counts, ordered the sentences be served concurrently, and ordered appellant to pay restitution to the victim in the amount of $145.00. After conducting an evidentiary hearing, the trial court adjudicated appellant a sexual predator and habitual sex offender. It is from these convictions and sentences appellant prosecutes this appeal, raising the following assignments of error:
 I. THE TRIAL COURT COMMITTED ERROR IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO DISMISS THIS CAUSE FOR VIOLATION OF THE STATUTORY SPEEDY TRIAL RIGHTS AS MANDATED BY 2945.73(B) O.R.C.
 II. THE TRIAL COURT COMMITTED ERROR WHEN ON ITS OWN MOTION IT REINSTATED COUNT ONE OF THE APPELLANT'S INDICTMENT AFTER THE [SIC] COUNT HAS BEEN DISMISSED ON NOVEMBER 2, 1998.
 I
In his first assignment of error, appellant maintains the trial court erred in overruling his motion to dismiss on statutory speedy trial grounds in violation of R.C. 2945.73(B). R.C. 2945.71
provides, in pertinent part:
(C) A person whom against a charge of felony is pending;
* * *
 (2) Shall be brought to trial within two hundred seventy days after his arrest.
R.C. 2945.71(C) is subject to the tolling provisions of R.C.2945.72, which provides, in pertinent part: The time within which an accused must be brought to trial . . . may be extended only by the following:
* * *
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
* * *
The provisions in R.C. 2945.72, which permit extensions of time, are to be strictly construed against the State. State v. Pachay (1980), 64 Ohio St.2d 218, 221. The record reveals appellant was arrested on January 16, 1998. Accordingly, the State had two hundred and seventy days, or until October 13, 1998, in which to bring appellant to trial. Appellant filed a Motion to Dismiss on October 27, 1998, and subsequently, on November 2, 1998, entered pleas of guilty to the offenses of sexual battery and corruption of a minor. Accordingly, we find appellant's speedy trial time had run prior to his entering his pleas of guilty. Although the State does not dispute appellant's speedy trial time had run before November 2, 1998, and did not contest the issue at oral arguments, the State argues appellant effectively waived his right to object based upon statutory speedy trial grounds by entering the guilty pleas on November 2, 1998. The State relies upon State v. Kelley (1991), 57 Ohio St.3d 127, in support of its position. The general law in Ohio is when an accused has entered a plea of guilty, he waives his right to raise the denial of his right to a speedy trial on appeal, however, the analysis in the case sub judice is somewhat unique. Unlike Kelley, the trial court herein granted appellant's motion to withdraw his guilty pleas. We find, upon the vacation of the guilty pleas, appellant reverted to the same position he held prior to entering his pleas; therefore, he could reassert a violation of his right to a speedy trial. Having found supra, the State was required to bring appellant to trial by October 13, 1998, we find appellant's speedy trial time had run prior to the first assigned trial date of November 2, 1998. Based upon the foregoing, we find the trial court erred in overruling appellant's motion to dismiss. Appellant's first assignment of error is sustained.
 II
In light of our disposition of appellant's first assignment of error, we find this assignment of error to be moot.
The judgment of the Richland County Court of Common Pleas is reversed and the charges against appellant dismissed.
FARMER, J. and READER, V.J. CONCUR.