This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Belinda Robinson ("Robinson"), appeals her conviction from the Akron Municipal Court. This Court reverses.
 I.
On January 27, 2001, Robinson was charged with driving under the influence of alcohol (DUI), in violation of Akron City Ordinance 73.01(A)(1), driving under suspension (DUS), in violation of Akron City Ordinance 71.07, and failure to control, in violation of Akron City Ordinance 73.13(A). She received a summons to appear for arraignment for February 1, 2001. The charges of DUI and DUS are both misdemeanors in the first degree. Failure to control is a minor misdemeanor.
Robinson was arraigned on February 1, 2001. At that time, Robinson signed a motion for continuance, and the trial court set a pretrial for February 12, 2001. The trial court held a second pretrial on March 5, 2001, at which time the court scheduled a jury trial for April 4, 2001. On April 4, 2001, the court continued the jury trial until April 25, 2001. At a jury status conference on April 19, 2001, Robinson signed a waiver of her right to a jury trial, and the court set the matter for a bench trial on June 25, 2001.
On June 19, 2001, Robinson moved the trial court to dismiss her case for a violation of her right to a speedy trial. On June 25, 2001, the court denied her motion. Robinson then withdrew her plea of not guilty and entered a plea of no contest on all charges. The court found her guilty and sentenced her to 180 days in jail and fined her $550 plus court costs. This appeal followed.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT, WHEN IT FAILED TO DISMISS THE CHARGES WITH PREJUDICE, AFTER FAILING TO SET A TRIAL DATE BEFORE THE TIME LIMIT PRESCRIBED BY R.C. 2945.71(B)(2), IN VIOLATION OF APPELLANT'S RIGHTS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION (JUDGMENT ENTRY DATED JUNE 25, 2001).
In her sole assignment of error, Robinson argues that the trial court erred in denying her motion to dismiss for a violation of her right to a speedy trial. Robinson asserts that she did not waive her rights to a speedy trial. She also argues that the trial court erred in its calculation of time. This Court agrees.
When reviewing a trial court's denial of a right to a speedy trial, this Court reviews questions of law de novo. State v. Thomas (Aug. 11, 1999), Lorain App. No. 98CA007058, unreported. However, this Court applies the clearly erroneous standard to questions of fact. Id.
Both the United States Constitution, and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. State v. Pachay (1980), 64 Ohio St.2d 218, 219. The statutory provision for a defendant's right to a speedy trial is codified at R.C.2945.71 et seq. A defendant may waive these rights, but to be effective, the waiver must be knowing and voluntary. State v. O'Brien (1987),34 Ohio St.3d 7, 9. Furthermore, the defendant's waiver must be expressed in writing or made in open court on the record. State v. King (1994),70 Ohio St.3d 158, syllabus. "[A] court's reliance on an unjournalized oral waiver, alleged or actual, is not effective." (Emphasis sic.) Id. at 161. Instead, a defendant's waiver of speedy trial rights must be "expressly written or in some form that can be conclusively determined from the record." Id.
The trial court stated, "it appears that on April 19th, Ms. Robinson indirectly waived time and/or made a motion for continuance, apparently the first date that we could give her the entire afternoon, which was anticipated for trial, was June 25th." A review of the record[1]
reveals no document purporting to be a written waiver of Robinson's right to a speedy trial. The record also contains no evidence of a waiver made on the record in open court. The record shows only that Robinson waived her right to a jury trial on April 19, 2001. As a defendant cannot waive her rights to a speedy trial indirectly, this Court finds that Robinson did not waive her right to a speedy trial. See King, 70 Ohio St.3d at syllabus. This Court now turns to the calculation of time within which the state was required to bring Robinson's case to trial.
When a defendant is charged with misdemeanors of differing degrees, the court uses the time period applicable to the offense of the highest degree. R.C. 2945.71(D); State v. Hughes (1999), 86 Ohio St.3d 424,425-426. In this case, Robinson was charged with two first-degree misdemeanors and one minor misdemeanor. Therefore, the court uses the time limit applicable to first-degree misdemeanors.
As applicable to misdemeanors of the first degree, R.C. 2945.71(B)(2) states that a defendant charged with a misdemeanor, other than a minor misdemeanor, shall be brought to trial "within ninety days after the person's arrest or the service of summons[.]" R.C. 2945.73(B) requires a defendant to be discharged if not brought to trial within the time required by R.C. 2945.71, so long as the defendant makes a motion at or prior to the commencement of trial. The language of the statute is strictly construed against the state. Pachay, 64 Ohio St.2d at syllabus. When computing the time within which a defendant must be brought to trial under R.C. 2945.70, the day of arrest or service of summons is not included. State v. Steiner (1991), 71 Ohio App.3d 249, 250-251.
The time period under R.C. 2945.71 may be extended or tolled under certain circumstances. As applicable to this case, the time within which an accused must be brought to trial may be extended by "the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]" R.C. 2945.72(H). Thus, if a continuance is granted on the state's motion or by the trial court sua sponte, the continuance must be reasonable in order to extend the statutory speedy trial time limit. If a trial court grants a continuance sua sponte, not only must the continuance be reasonable, but it must also be accompanied by a journal entry made prior to the expiration of the statutory speedy trial time limit. State v. Mincy (1982), 2 Ohio St.3d 6, syllabus. The journal entry must also explain the trial court's reasons for granting the continuance. Id. at 9.
In the present case, Robinson was served with a summons on January 27, 2001. The statutory speedy trial time began to run on January 28, the following day. On June 19, 2001, Robinson filed a motion to dismiss the case asserting that the state failed to bring the matter to trial prior to the expiration of the statutory time limit. Beginning with January 28, 2001, the day after service of summons, the state had until April 28, 2001, to bring Robinson to trial.
On the day of Robinson's arraignment, February 1, 2001, she signed a request for a continuance of a pretrial. The pretrial was then set for February 12, 2001. As this was a continuance made at the request of the accused, the eleven-day delay is therefore chargeable to her. See R.C.2945.72(H). This extended the date before which the state had to bring Robinson to trial until May 9, 2001.
Another pretrial was held on March 5, 2001, where the case was set for jury trial on April 4, 2001. However, on April 4, the trial court apparently heard an older case instead and rescheduled the jury trial for April 25, 2001.[2] The record contains no entries journalizing this continuance. Without a journal entry containing the trial court's reasons for the continuance, this continuance does not extend the speedy trial time. See Mincy, supra.
On April 19, 2001, in an appearance before a visiting judge, Robinson signed a waiver of her right to a jury trial. The trial court subsequently canceled her jury trial for April 25, 2001 and scheduled the matter for a bench trial on June 25, 2001. No journal entry was made documenting a continuance of the trial at this time.
On June 19, 2001, Robinson filed her motion to dismiss. When the trial court denied her motion on June 25, 2001, the court stated that as a result of the waiver of a trial by jury, "Ms. Robinson and her counsel acquiesced to the next date that was set, which was June 25th." The court continued by stating, "[w]hile the [visiting judge] did not put anything in the journal entry, I believe that he would have dealt with that as if it were a motion for a continuance from the jury trial set for April 25th. * * * So, it appears that on April 19th, Ms. Robinson indirectly waived time and/or made a motion for continuance[.]"
A trial court speaks through its journal. State ex rel. Worcester v.Donnellon (1990), 49 Ohio St.3d 117, 118. R.C. 2945.72 permits courts tosua sponte continue an accused's trial beyond the time limit prescribed by R.C. 2945.71, but only when it is reasonable and the continuance was made by journal entry prior to the expiration of the time limit. Mincy,supra. At a minimum, this requires that the trial court enter the order of continuance and its reason by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial. Because this was not done in the case sub judice, the time of the trial's continuance from April 25, 2001 to June 25, 2001 is not chargeable to Robinson.
The state should have brought this matter to trial by May 9, 2001. Robinson filed her motion to dismiss on June 19, 2001, which was forty-one (41) days beyond the statutory time limit within which the state had to try its case against Robinson. Therefore, this Court finds that the trial court erred in overruling Robinson's motion to dismiss. Robinson's assignment of error is sustained.
 III.
Having sustained Robinson's assignment of error, the judgment of the trial court is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
SLABY, P.J., WHITMORE, J. CONCURS
[1] Both parties have attached to their briefs a judgment entry purporting to be the trial court's final order. However, this Court notes that this judgment entry was never time-stamped by the trial court, nor does it appear in the court's journal or the case file from the trial court. Therefore, we must limit our review to the evidence that is contained in the statement of the record and those documents properly journalized in the trial court.
[2] The statement of the record indicates that the case "was bumped by a trial that did go forward, that was an older case, on the 4th."