DECISION.
{¶ 1} The plaintiff-appellant, the state of Ohio, appeals from the order of the trial court dismissing the charges against the defendant-appellee, Shawn D. Williams, under Ohio's speedy-trial statute, R.C. 2945.71. Williams had been charged with two counts of aggravated robbery with gun specifications, three counts of robbery, and one count of carrying a concealed weapon.
 {¶ 2} The state raises a single assignment of error challenging the trial court's calculation of the time against it for bringing Williams to trial. Specifically, the state argues that the continuance of August 10, 2004, to September 20, 2004, was wrongly journalized as being at the state's request, rather than due to the trial court's unavailability. Further, the state argues that the continuance between September 20 and October 4 of that same year should not have been charged against the state because it was reasonable under R.C. 2945.72(H) due to the unavailability of a key state witness.
 {¶ 3} For the following reasons, we affirm.
 ANALYSIS {¶ 4} The parties do not dispute that absent either one of the two continuances charged against the state — from August 10 to September 20, and September 20 to October 4, 2004 — there would have been no speedy-trial violation in this case. Although the state in its brief has argued that neither continuance should have been charged against it, we note that during oral argument counsel for the state appeared to abandon that position with respect to the second continuance. We begin with it.
 {¶ 5} The state does not dispute that on September 20 — still within the 90-day time period to try Williams — the state requested a continuance, over Williams's objection, due to the absence of a key prosecution witness. Indeed, as Williams points out, at the hearing on the motion to dismiss, the state conceded that the continuance was chargeable against it. The same concession was articulated in the state's brief opposing the motion, in which it stated that the 14 days occasioned by the continuance "[went] toward state's time."
 {¶ 6} On appeal, the state, at least in its brief, argues that it was acting in good faith and had not been neglectful when it requested the continuance, and therefore that the 14 days should not have been charged against it according to R.C.2945.72(H). That section provides that the time in which an accused must be brought to trial may be extended by "any reasonable continuance granted other than upon the accused's own motion."
 {¶ 7} The problem with the state's position, other than its complete failure to raise it in the trial court, where it took exactly the opposite position, is that on September 20 the state was given the opportunity to go forward with the trial as scheduled and to continue the case in progress to secure its missing witness. The state declined this opportunity and instead chose not to go forward with trial. Given the opportunity for the state to begin trial without its witness, we hold that this continuance was not caused by necessity but was at the state's convenience and thus, as the state all but conceded below and during oral argument before us, chargeable against it.
 {¶ 8} With respect to the first continuance, between August 10 and September 20, 2004, the journalized entry of the court stated that the continuance was at the request of the state. During argument on the motion to dismiss, the trial court acknowledged that this was in error, and that the lengthy continuance was due to the court's own unavailability and the unavailability of a visiting judge. Nonetheless, the court concluded that because the 90-day period had already expired, it could not do anything to correct the error under the holding ofState v. Mincy (1982), 2 Ohio St.3d 6, 441 N.E.2d 571. InMincy, the Ohio Supreme Court held that "when sua sponte
granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefore by journal entry prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a defendant to trial." Id. at 9, 441 N.E.2d 571 (italics in original). The court made clear that a defendant is entitled to the trial court's reasons for a sua sponte continuance, and "[s]ince a court may only speak through its journal, it is necessary that such an entry be spread upon its journal prior to the expiration of the statutory timelimit." Id. (emphasis supplied).
 {¶ 9} The state argues that because the August 10 continuance was journalized before the expiration of the statutory time limit, although we now know incorrectly at the state's request,Mincy did not preclude the trial court from going back, after the time limit had expired, and correcting its mistake. But even if we accept that a mistake was made, the holding of Mincy
clearly requires that in the case of a sua sponte continuance two things must be journalized before the clock ticks down: (1) the continuance, and (2) a statement of the reasons for the continuance. Thus, even were we to strike in our mind the statement on the journal entry that the continuance was at the state's request, we would still be left with a continuance that failed to state before the expiration of the statutory time limit why the court sua sponte had continued the case. We find no language in Mincy that would have allowed the trial court here not only to have corrected its journal entry but also for the first time to have provided its reasons for continuing the case after the statutory time limit had expired.
 {¶ 10} It is well settled that speedy-trial statutes are mandatory and must be strictly enforced. State v. Pachay
(1980), 64 Ohio St.2d 218, 221, 416 N.E.2d 589; Mincy, supra, at 9, 441 N.E.2d 571, fn. 3. This is true even though the result here is that Williams, charged with several very serious crimes, must be discharged and that another prosecution on these charges is barred. R.C. 2945.73(D). Mincy, however, is clear as to what must be journalized prior to the expiration of the statutory time limit, and, as the trial court properly determined, the appropriate journalizations were not made here.
 {¶ 11} Accordingly, the state's assignment of error is overruled and the judgment of the trial court affirmed.
Judgment affirmed.
Gorman, P.J., Painter and Hendon, JJ.