[Cite as *State v. Hernandez*, 2011-Ohio-2219.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 10-CA-52 |
| JAIR ALEX HERNANDEZ | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court of
Common Pleas Case No. 08-CR-I-06-0321

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      April 29, 2011

APPEARANCES:

For Plaintiff-Appellee:                           For Defendant-Appellant:

DOUGLAS DUMOLT 0080866            JOHN CORNELY 0072393
Assistant Prosecuting Attorney           21 Middle Street
Delaware County                               Galena, Ohio 43201
140 N. Sandusky St., 3rd Fl.
Delaware, Ohio 43015

*Delaney, J.*

{¶1} Defendant-Appellant, Jair Alex Hernandez, appeals the judgment of the Delaware County Court of Common Pleas, denying his motion to dismiss his case on the grounds that his speedy trial rights were violated. He thereafter pled no contest to one count of identification fraud, a felony of the fifth degree in violation of R.C. 2913.49. The State of Ohio is Plaintiff-Appellee.

{¶2} On May 23, 2008, Appellant was arrested and a complaint was filed against him in Delaware County Municipal Court. At the time he was booked, the Department of Homeland Security ("DHS") was contacted based on the fact that Appellant admitted that he was an illegal immigrant.

{¶3} A federal immigration holder was placed on Appellant the following day pursuant to 8 C.F.R. 287.7.

{¶4} On May 27, 2008, a bond was set by the municipal court judge in the amount of $15,000.00. A preliminary hearing was scheduled for June 2, 2008. On June 2, 2008, the case was dismissed without prejudice for presentation to the Delaware County Grand Jury. As of June 2, 2008, Appellant was no longer being held on the municipal court complaint; however, he was not released from the Delaware County Jail as he was still being held on the DHS immigration detainer.

{¶5} On June 6, 2008, the Delaware County Grand Jury indicted Appellant on one count of identity fraud, a felony of the fifth degree, in violation of R.C. 2913.49(B)(1), and two counts of forgery, felonies of fifth degree, in violation of R.C. 2913.31(A)(3). A warrant was issued for his arrest on that day. He was served with the warrant in jail on June 6, 2008.

{¶6} He was released from custody on June 9, 2008, to DHS pursuant to their detainer, and Amy Bittner filed a notice of appearance on behalf of Appellant, who had been served with the indictment. An arraignment date had not been scheduled and bond had not been set.

{¶7} Counsel for Appellant never requested a date for the arraignment, nor did the prosecutor. A warrant to convey was not issued to return Appellant to the Delaware County Jail for arraignment. At some time after DHS removed Appellant from Delaware County's jurisdiction, he left the United States. It is unclear from the record whether he did so on his own accord or whether he was deported due to his illegal status in the U.S.

{¶8} On October 8, 2008, the trial court issued a Judgment Entry to Show Cause as to why the case should not be dismissed for failure to prosecute. On October 10, 2008, the State requested, in writing, that a warrant be issued for the arrest of Appellant, who was no longer in the jurisdiction of Delaware County. From October 10, 2008, Appellant was at large, subject to this arrest warrant. At some point prior to January 23, 2010, Appellant reentered the United States illegally. On January 23, 2010, he was arrested and returned to the Delaware County, Ohio, jail.

{¶9} On February 3, 2010, Appellant was scheduled to be arraigned and a bond was set in the amount of $15,000.00 once again. On February 10, 2010, Appellant filed a Motion for Discovery and Request for Notice of Prosecutor's Intention to Use Evidence. The State responded to the Motion for Discovery, but failed to respond to the Notice of Intention to Use Evidence. Appellant then filed a Motion to

Dismiss on speedy trial grounds on February 24, 2010. The trial court denied Appellant's Motion to Dismiss in an entry dated March 30, 2010.

{¶10} On April 7, 2010, Appellant entered a no contest plea to Count One of the Indictment, which was one count of identity fraud, and the remaining two counts were dismissed. Appellant was sentenced to five years of community control.

{¶11} Appellant now appeals and raises one Assignment of Error:

{¶12} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS FOR THE VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL."

I.

{¶13} In Appellant's sole assignment of error, he argues that the trial court erred in denying his motion to dismiss because his right to speedy trial was violated.

{¶14} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd* (1978), 56 Ohio St.2d 197, 383 N.E.2d 579; *State v. Pachay* (1980), 64 Ohio St.2d 218, 416 N.E.2d 589.

{¶15} Our review of the trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. McDonald* (June 30, 1999), 5th Dist. Nos. 97CA146 and 97CA148. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. Id. However, we must independently review whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must

strictly construe the relevant statutes against the state. Id., citing *Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706.

{¶16} Pursuant to R.C. 2945.73, a person who is not brought to trial within the proscribed time periods found in R.C. 2945.71 and R.C. 2945.72, "shall be discharged" and further criminal proceedings based on the same conduct are barred.

{¶17} A person charged with a felony must be brought to trial within 270 days unless they waived that right to a speedy trial. If a person is held in jail in lieu of bond, then each day that the suspect is in custody counts as three days. R.C. 2945.71(E). This "triple count" provision is applied only when the defendant is being held in jail solely on the pending charge. *State v. MacDonald* (1976), 48 Ohio St.2d 66, 357 N.E.2d 40, paragraph one of the syllabus.

{¶18} Specifically, R.C. 2945.71(C) provides, in pertinent part:

{¶19} " A person against whom a charge of felony is pending:

{¶20} "(1) Notwithstanding any provisions to the contrary in Criminal Rule 5(B), shall be accorded a preliminary hearing within fifteen consecutive days after the person's arrest if the accused is not held in jail in lieu of bail on the pending charge or within ten consecutive days after the person's arrest if the accused is held in jail in lieu of bail on the pending charge;

{¶21} "(2) Shall be brought to trial within two hundred seventy days after the person's arrest."

{¶22} However, R.C. 2945.72 provides various circumstances under which the 270 days may be tolled:

{¶23} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

{¶24} "(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

{¶25} "(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

{¶26} "(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

{¶27} "(D) Any period of delay occasioned by the neglect or improper act of the accused;

{¶28} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

{¶29} "(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

{¶30} "(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

{¶31} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

{¶32} "(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending."

{¶33} The triple count provision does not apply when a defendant is being held in custody pursuant to other charges. *MacDonald*, supra. Moreover, it does not apply when the accused is being held on a parole or probation violation holder. *State v. Brown* (1992), 64 Ohio St.3d 476, 479, 597 N.E.2d 97; *State v. Martin* (1978), 56 Ohio St.2d 207, 211, 383 N.E.2d 585.

{¶34} As the Ohio Supreme Court held in *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, the running of speedy trial time can only be tolled for reasons set forth in R.C. 2945.72, supra.

{¶35} In *Sanchez*, the Court determined the effect of an immigration detainer, pursuant to Section 287.7(a), Title 8, C.F.R., which provides:

{¶36} "A detainer serves to advise another law enforcement agency that the Department [of Homeland Security] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible."

{¶37} The *Sanchez* court found that this provision does not indicate that DHS seeks to "hold" the accused. Rather, it found that the provision declares the

government's intention to seek custody in the future and requests notification before the accused is released from his or her current confinement. *Sanchez*, supra, at ¶15. At most, the *Sanchez* court stated, "the ICE detainer may lead to future custody by federal immigration authorities to allow for an administrative complaint and possible deportation. *Prieto v. Gluch*, 913 F.2d at 1163; *Campillo v. Sullivan*, 853 F.2d at 595." Sanchez, ¶19.

{¶38} In the present case, Appellant argues that a total of 654 days of time should be counted towards speedy trial time. Appellant argues that the Delaware County Sheriff wrongfully released Appellant to DHS and to the Immigration and Customs Enforcement ("ICE") Bureau for deportation prior to the completion of case in the trial court below. Appellant, however, cites no authority that this was in fact, misconduct on the part of the Delaware County Sheriff or the State.

{¶39} While this Court acknowledges that an ICE detainer does not toll the speedy trial statute, *Sanchez*, supra, we do find that Appellant's own improper act of being in the country illegally, therefore causing his deportation before the culmination of the present case, does meet the requirements of R.C. 2945.72(D), and is a tolling event. At some point between June 9, 2008, and January 23, 2010, Appellant left the United States and returned illegally, and was arrested on his outstanding October 10, 2008, warrant in the present case.

{¶40} When reviewing the time that does count against the State for purposes of this case, we find the following:

{¶41} Appellant was arrested on May 23, 2008, and was held until June 2, 2008, on the municipal complaint. Under the speedy trial triple count provisions, he is entitled

to thirty days of jail time credit for those days. On June 6, 2008, he was indicted in case number 08-CR-I-06-321 and was served with the indictment and warrant in the case. He was released from jail on June 9, 2008 on case number 08-CR-I-06-321. Accordingly, under the triple count provision, he receives nine days of jail time credit for that time period.

{¶42} From June 9, 2008, until January 23, 2010, Appellant absented himself from the jurisdiction of Delaware County, Ohio, either by his own illegal act of being in the country illegally and subjecting himself to deportation, or by absconding from the jurisdiction to avoid prosecution.

{¶43} He was arrested on January 23, 2010, and was in jail until the conclusion of the case below on April 7, 2010. However, certain tolling events also occurred in that time period. From January 23 until February 10, 2010, Appellant received 54 days of jail time credit for the eighteen days that he was held in jail. On February 10, 2010, his trial counsel filed a Motion for Discovery and a Notice of Intention to Use Evidence by the Prosecution. The State responded to the Motion for Discovery on February 17, 2010, so time is tolled for those seven days.

{¶44} From February 17, 2010, until February 24, 2010, the triple count provision again applies, and appellant received 21 days of jail time credit.

{¶45} On February 24, 2010, Appellant's trial counsel filed a motion to dismiss on speedy trial grounds. The State responded on March 5, 2010, and a hearing was held on the matter on March 22, 2010. The Court denied Appellant's motion via judgment entry on March 30, 2010, therefore time was tolled from February 24 until March 30, 2010.

{¶46} On April 7, 2010, Appellant entered a no contest plea and was sentenced to five years of community control. Accordingly, the triple count provision applied from March 30 until April 7, which provides Appellant with an additional 24 days of jail time credit. Appellant's total days of time in jail during the pendency of this action total 138 days, which falls well within the 270 days the State had to prosecute Appellant.

{¶47} Moreover, as the trial court stated during the hearing on the motion to dismiss, "[T]he key here is that ICE did pick up Mr. Hernandez. Obviously, he wasn't available to the prosecution for purposes of trial at that point. He was deported; he then was not subject to trial since he was not in this country.

{¶48} "Apparently, although there's no evidence except by Mr. Hernandez being here today, he returned to the United States and was arrested. That occurred January 23, 2010. So he has not been available for purposes of trial, particularly if he returned sometime between June 9, 2008, and January 23, 2010. Obviously, he's been in this county for some time and hasn't made himself available.

{¶49} "So the court, certainly, would put some responsibility on Mr. Hernandez and based on the Motion to Dismiss on statutory grounds and constitutional grounds, the Court would deny that Motion to Dismiss."

{¶50} We find that the trial court properly reached this conclusion.

{¶51} Accordingly, Appellant's assignment of error is overruled.

{¶52}  For the foregoing reasons, the judgment of the Delaware County Court of

Common Pleas is affirmed.

By: Delaney, J.

Hoffman, P.J. and

Edwards, J. concur.

_____

HON. PATRICIA A. DELANEY

_____

HON. WILLIAM B. HOFFMAN

_____

HON. JULIE A. EDWARDS

[Cite as *State v. Hernandez*, 2011-Ohio-2219.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JAIR ALEX HERNANDEZ | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10-CA-52 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS