[Cite as *State v. Wegner*, 2011-Ohio-4712.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

MITCHELL B. WEGNER

    Appellant

C.A. No.     10CA0118-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    09-CR-0020

DECISION AND JOURNAL ENTRY

Dated: September 19, 2011

WHITMORE, Judge.

{¶1} Defendant-Appellant, Mitchell Wegner, appeals from his conviction in the Medina County Court of Common Pleas. This Court affirms.

I

{¶2} On January 22, 2009, a grand jury indicted Wegner on one count of possession of marijuana, in violation of R.C. 2925.11(A)(C)(3)(c), and two attendant forfeiture specifications. After a period of motion practice, competency evaluations, and continuances, Wegner filed a motion to dismiss based on an alleged speedy trial violation. On September 13, 2010, the trial court denied Wegner's motion, and Wegner changed his original plea. Wegner pleaded guilty to possession of marijuana. The court sentenced Wegner to community control and ordered that his property be forfeited.

{¶3} Wegner now appeals from his conviction and raises one assignment of error for our review.

II

Assignment of Error

"THE TRIAL COURT'S CONVICTION OF APPELLANT SHOULD BE OVERTURNED AS HIS RIGHT TO A SPEEDY TRIAL, PURSUANT TO THE UNITED STATES CONSTITUTION, THE OHIO CONSTITUTION AND §2945.71 AND §2941.401 OF THE OHIO REVISED CODE, WAS VIOLATED."

{¶4} In his sole assignment of error, Wegner argues that the trial court erred by refusing to grant his motion to dismiss based on speedy trial grounds.

{¶5} "The right of an accused to a speedy trial is recognized by the Constitutions of both the United States and the state of Ohio." *State v. Pachay* (1980), 64 Ohio St.2d 218, 219. Ohio's speedy trial statute provides that a person charged with a felony must be brought to trial within two hundred seventy days of his arrest. R.C. 2945.71(C)(2). Yet, "[t]the Supreme Court of Ohio has held that 'where an accused has entered a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal.'" *State v. Dyson*, 9th Dist. No. 09CA0055, 2010-Ohio-6452, at ¶9, quoting *State v. Kelley* (1991), 57 Ohio St.3d 127, 130. Wegner waived his speedy trial rights by pleading guilty. *Dyson* at ¶9. Accordingly, his sole assignment of error is overruled.

III

{¶6} Wegner's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, P.J.
DICKINSON, J.
CONCUR

APPEARANCES:

KENNETH C. STAIDUHAR, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.