[Cite as *State v. McKinney*, 2011-Ohio-3951.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 11-CA-26 |
| DERRIAN R. MCKINNEY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Delaware County
                                 Municipal Court Case No. 10TRC12451


JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          August 10, 2011


APPEARANCES:

For Plaintiff-Appellee:                  For Defendant-Appellant:

JOSEPH E. SCHMANSKY 0071860               SHAWN R. DOMINY 0068108
70 N. Union Street                        3837 Attucks Drive
Delaware, Ohio 43015                      Powell, Ohio 43065

*Delaney, J.*

{¶1} Defendant-Appellant, Derrian McKinney, appeals the judgment of the Delaware County Municipal Court, convicting him of one count of Operating a Vehicle under the Influence ("OVI"), a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1)(j)(8)(i). The State of Ohio is Plaintiff-Appellee.

{¶2} On September 23, 2010, Appellant was arrested for OVI and was charged with three counts pursuant to R.C. 4511.19(A)(1)(a), R.C. 4511.19(A)(1)(j)(8)(i), and R.C. 4511.19(A)(1)(j)(8)(ii). When Appellant was arrested, the State obtained a urine sample from him.

{¶3} The Ohio Highway Patrol Trooper who obtained the urine sample was not qualified to perform an analysis of the sample pursuant to applicable statutes and guidelines, therefore the sample was submitted to the State Highway Patrol's laboratory facility for chemical testing. The Trooper was, however, trained in identifying marijuana and observed marijuana remnants in Appellant's vehicle. Appellant admitted to the trooper that he had recently smoked marijuana.

{¶4} The trooper believed that Appellant had marijuana in his system; he did not believe that Appellant was under the influence of alcohol.

{¶5} On September 23, 2010, at Appellant's arraignment, the State dismissed, without prejudice, the OVI per se charges. Appellant entered pleas of not guilty to the remaining charges and exercised his right to speedy trial.

{¶6} On November 15, 2010, the State completed chemical testing on the urine sample, finding that Appellant had prohibited amounts of marijuana in his system. On

December 9, 2010, the State refiled one count of OVI per se in case number 10TRC12451.

{¶7} On December 13, 2010, Appellant entered a plea of not guilty to the OVI per se charge and did not waive his right to speedy trial.

{¶8} On January 3, 2011, Appellant filed a motion to dismiss the OVI per se charge on the basis that the charge violated his right to speedy trial.

{¶9} On February 7, 2011, the trial court held a hearing on Appellant's motion to dismiss. No testimony was taken at the hearing.

{¶10} On February 25, 2011, the trial court issued an entry overruling Appellant's motion to dismiss.

{¶11} On March 21, 2011, Appellant entered a plea of No Contest to the charge of OVI per se in case number 10TRC12451. The trial court imposed sentence on that date.

{¶12} Appellant raises one Assignment of Error:

{¶13} "I. THE TRIAL COURT ERRED BY OVERRULING THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT BECAUSE THE STATUTORY TIME LIMIT FOR BRINGING THE DEFENDANT TO TRIAL HAD ELAPSED."

I.

{¶14} In Appellant's sole assignment of error, he argues that the trial court erred in denying his motion to dismiss because his right to speedy trial was violated.

{¶15} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through

the Fourteenth Amendment. *State v. Ladd* (1978), 56 Ohio St.2d 197, 383 N.E.2d 579; *State v. Pachay* (1980), 64 Ohio St.2d 218, 416 N.E.2d 589.

{¶16} Our review of the trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. McDonald* (June 30, 1999), 5th Dist. Nos. 97CA146 and 97CA148. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. Id. However, we must independently review whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. Id., citing *Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706.

{¶17} Pursuant to R.C. 2945.73, a person who is not brought to trial within the proscribed time periods found in R.C. 2945.71 and R.C. 2945.72, "shall be discharged" and further criminal proceedings based on the same conduct are barred.

{¶18} R.C. 2945.71(B)(2) provides that a person who is charged with a first-degree misdemeanor must be brought to trial within 90 days from the date of the person's arrest on that charge.

{¶19} In the present case, Appellant was originally charged with OVI impaired and OVI per se on September 23, 2010, when he was pulled over. On that same date, the State dismissed the per se OVI charge because lab analysis had to be completed in order to determine whether prohibited amounts of marijuana were present in Appellant's blood stream. The testing of Appellant's urine sample was complete on November 15, 2010. The State then again charged with OVI per se on December 9, 2010,

approximately three weeks after the State completed chemical testing on the urine sample Appellant provided on his arrest date of September 23, 2010.

{¶20} Prior to that date, the State did not definitively know that Appellant had prohibited amounts of marijuana in his blood stream pursuant to R.C. 4511.19(A)(1)(b)-(j).

{¶21} Appellant entered a no contest plea on March 21, 2011, after filing a motion to dismiss, which took approximately two months to litigate.

{¶22} In *State v. Baker* (1997), 78 Ohio St.3d 108, 676 N.E.2d 883, syllabus, the Supreme Court stated, "In issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of these facts at the time of the initial indictment."

{¶23} The facts of the *Baker* case are instructive on the present case and will be summarized here:

{¶24} On June 10, 1993, Baker, a pharmacist, was arrested at his home by Montgomery County Sheriff's Deputies after an investigation revealed that he had made several illegal sales of prescription drugs to police informants. That same day, after arresting Baker, deputies and other law enforcement agents, working in connection with the Ohio State Board of Pharmacy, executed search warrants for two pharmacies that Baker owned. As a result of these warrants, state agents seized numerous business records from the pharmacies, which the state began analyzing to determine if there was additional criminal conduct.

{¶25} Approximately one week after his arrest, Baker was indicted by a Montgomery County Grand Jury and charged with two counts of trafficking in drugs, and five counts of aggravated trafficking, stemming from the original controlled buys that occurred before Baker's arrest and the search of his pharmacies.

{¶26} While these original charges were brought against Baker, state agents and sheriff's detectives were auditing the records seized at Baker's pharmacies. This process involved analyzing prescription records and purchase reports to determine possible drug shortages, which would indicate criminal or administrative violations of law. The audits for the pharmacies were completed by August 18, 1993, and September 15, 1993, respectively. As a result of these audits, a second indictment was filed, charging Baker with eight additional counts of drug trafficking, one count of aggravated trafficking, and one count of Medicaid fraud. This subsequent indictment was filed on June 1, 1994, almost a year after the arrest and the original filing of the indictment against Baker, and nine months after the audits of Baker's pharmacy records were both completed.

{¶27} On July 27, 1994, Baker filed a motion to dismiss the second indictment, alleging that his right to a speedy trial had been violated, arguing that the statute required the state to bring him to trial on the second indictment within the same period as the first, that is, 270 days from Baker's arrest on June 10, 1993. However, in upholding the second indictment, the trial court held that the allegations and proof for the two indictments were different from each other, and the state was justified in delaying the second indictment until it was able to analyze Baker's extensive pharmaceutical records for evidence of additional criminal misconduct. Baker agreed to

enter negotiated pleas on both cases, and pled no contest to one count of trafficking in drugs and one count of Medicaid fraud on the second indictment. On the original indictment, the state reduced the five counts of aggravated trafficking to trafficking in drugs, and Baker pleaded no contest to seven counts of trafficking in drugs.

{¶28} On appeal, Baker challenged his convictions arising from the second indictment, arguing his constitutional and statutory right to a speedy trial had been violated. The court of appeals affirmed his judgment of conviction on the original indictment, but agreed that Baker's statutory right to a speedy trial had been violated as to the second indictment. The appellate court held that the speedy-trial clock as to the second indictment began to run on the date of Baker's arrest on June 10, 1993; however, the state was entitled to have time tolled from that date until September 15, 1993, the date when both audits were completed by the state concerning Baker's pharmacy records. Despite this tolled period, the court established that the state had failed to bring Baker to trial within the 270-day period, and the court reversed Baker's judgment of conviction under the second indictment. The state appealed, arguing that the 270-day time period concerning the additional charges should commence from the date the second indictment was returned on June 1, 1994.

{¶29} The Supreme Court, in reversing the appellate court, held "in issuing a second indictment against the defendant, the state was not subject to the speedy-trial time limits of the original indictment, since the subsequent charges were based on new and additional facts which the state had no knowledge of at the time of the original indictment. Additional crimes based on different facts should not be considered as arising from the same sequence of events for the purposes of speedy-trial computation."

*Baker*, supra, at 110, citing, *State v. Singleton* (C.P.1987), 38 Ohio Misc.2d 13, 526 N.E.2d 121.

{¶30} In the present case, since the charges in the second complaint stem from additional facts which the State did not know at the time of the arrest, the state should be accorded a new 90 day period beginning from the time when the second complaint was returned on December 9, 2010. When additional criminal charges arise from facts distinct from those supporting an original charge, or the State was unaware of such facts at that time, the state is not required to bring the accused to trial within the same statutory period as the original charge under R.C. 2945.71 et seq. Accord *State v. Skinner*, 4th Dist. No. 06CA2931, 2007-Ohio-6320; *State v. Cantrell* (Sept. 7, 2001), 2nd Dist. No. 00CA0095.

{¶31} Appellant, however, relies on the First District opinion in *State v. Cooney* (1997), 124 Ohio App.3d 570, 706 N.E.2d 854. In *Cooney*, which was decided only months after *Baker*, the court stated, "'[t]he state knew all the operative facts at the time Cooney was originally charged under subsection (A)(1) for driving under the influence of alcohol. The state had probable cause to believe that Cooney was driving with a prohibited blood-alcohol content; otherwise the blood test would not have been conducted. He could easily have been charged under subsection (A)(2) at that time. While the state did not know what the exact results of the blood test would be, those results were simply proof of the facts the state already knew or should have known." *Cooney*, supra, at 573.

{¶32} However, in 2009, our brethren in the Tenth District discredited *Cooney*, and argued that most other districts have followed the *Baker* analysis. *State v.*

*Mohamed*, 10th Dist. No. 08AP-960, 2009-Ohio-6658, internal citations omitted. We find the Tenth District's reasoning to be persuasive.

{¶33} The State originally filed impaired and per se OVI charges on September 23, 2010. The per se charge was dismissed on that same day on the basis that the State was awaiting results from the testing of the urine samples. The State argues that there was "insufficient evidence to proceed on OVI per se charges at this time." The testing was completed approximately two months later and Appellant was charged with a new per se violation less than a month after that, on December 9, 2010. The State was within its 90 days to prosecute Appellant.

{¶34} Appellant's assignment of error is overruled.

{¶35} The judgment of the Delaware County Municipal Court is affirmed.

By: Delaney, J.

Hoffman, P.J. and

Farmer, J. concur.

HON. PATRICIA A. DELANEY

HON. WILLIAM B. HOFFMAN

HON. SHEILA G. FARMER

[Cite as *State v. McKinney*, 2011-Ohio-3951.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DERRIAN R. MCKINNEY | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11-CA-26 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Municipal Court is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER