[Cite as *State v. Spencer*, 2023-Ohio-596.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2021 CA 00085 |
| | : | |
| THOMAS SPENCER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of Common Pleas, Case No. 19 CR 416

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      February 28, 2023

APPEARANCES:

For Plaintiff-Appellee:

WILLIAM C. HAYES
LICKING COUNTY PROSECUTOR

CLIFFORD J. MURPHY
20 North 2nd St., 4th Floor
Newark, OH 43055

For Defendant-Appellant:

ELIZABETH A. MOTE
Wolfe Law Group, LLC
1350 West 5th Ave., Suite 330
Columbus, OH 43212

*Delaney, J.*

{¶1} Defendant-Appellant Thomas Spencer appeals his October 6, 2021 conviction and sentence by the Licking County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

## Case No. 2018 CR 00711

{¶2} On October 11, 2018, the Licking County Grand Jury indicted Defendant-Appellant Thomas Spencer for two counts of forgery, felonies of the fifth degree, based on crimes that allegedly occurred on July 18, 2018. Spencer appeared at his arraignment on October 16, 2018 and entered a plea of not guilty to the charges. He was appointed trial counsel.

{¶3} Spencer's trial counsel filed a motion to withdraw on October 24, 2018, which was granted on October 29, 2018. Second trial counsel was appointed. Second appointed trial counsel filed a discovery request on November 8, 2018. The State provided the discovery on November 8, 2018 and demanded reciprocal discovery, which the trial ordered to be provided by November 22, 2018.

{¶4} A pretrial was held on November 9, 2018, which scheduled the matter for trial on November 29, 2018. On November 9, 2018, Spencer filed a motion to continue the jury trial. Also on November 9, 2018, Spencer filed a notice of the affirmative defense of duress. The trial court granted the motion to continue and scheduled the jury trial for December 20, 2018.

{¶5} On November 14, 2018, Spencer filed a motion to reduce bond, which was denied on November 16, 2018, but Spencer posted bond on November 26, 2018 and was released from the county jail.

{¶6} On December 6, 2018, Spencer filed a motion to continue the jury trial. The trial court granted the motion and rescheduled the jury trial to January 22, 2019. On January 10, 2019, Spencer filed a motion to continue the jury trial because he was in the Pickaway County Jail on another offense and had a holder warrant from Clark County on another offense. The trial court granted the motion to continue the jury trial and rescheduled the jury trial to February 21, 2019.

{¶7} Spencer provided the State with the reciprocal discovery on January 14, 2019.

{¶8} On February 20, 2019, the trial court sua sponte continued the jury trial to March 5, 2019 due to a conflicting trial.

{¶9} On February 27, 2019, Spencer's trial counsel filed a motion to continue the jury trial, which trial counsel withdrew when Spencer filed a pro se motion to dismiss due to a speedy trial violation on February 28, 2019.

{¶10} The jury trial commenced on March 5, 2019, but Spencer failed to appear. The trial court issued a capias for Spencer's arrest, and he was arrested on May 7, 2019. The jury trial was rescheduled to May 9, 2019. On May 9, 2019, the State filed a motion to dismiss the indictment without prejudice, which the trial court granted on May 9, 2019.

## Case No. 2019 CR 00416

{¶11} On May 30, 2019, the Licking County Grand Jury returned an indictment charging Spencer with one count of forgery, a felony of the fifth degree in violation of R.C.

2913.31(A)(1), and one count of forgery, a felony of the fifth degree in violation of R.C. 2913.31(A)(3), based on a crime that allegedly occurred on July 18, 2018.

{¶12} On May 26, 2020, the Ohio Department of Rehabilitation and Correction submitted notice to the State that Spencer was currently imprisoned with 878 days remaining on his prison sentence based on his conviction and sentence in Cuyahoga County. In the notice, Spencer requested an early disposition of any untried indictment, information, or complaint under Section 2941.401.

{¶13} Spencer was arraigned on October 27, 2020, entered a plea of not guilty, and requested appointed trial counsel. The trial court appointed trial counsel on October 30, 2020. First appointed counsel requested discovery on November 2, 2020.

{¶14} The trial court held a pretrial on November 18, 2020, where it scheduled the jury trial for March 23, 2021.

{¶15} On February 19, 2021, first appointed counsel filed a motion to withdraw. The trial court granted the motion on March 10, 2021 and appointed second trial counsel. Second appointed counsel requested discovery on March 10, 2021.

{¶16} Second appointed counsel filed a motion to withdraw on March 12, 2021. The trial court granted the motion and appointed third trial counsel on March 15, 2021.

{¶17} The trial court held a pretrial on March 19, 2021. The pretrial order scheduled the jury trial for March 23, 2021. As to speedy trial provisions, the pretrial order stated they were "currently tolled."

{¶18} On March 22, 2021, Spencer filed a motion to continue the jury trial, which the trial court granted on March 23, 2021. The trial court rescheduled the jury trial to May 5, 2021, noting that speedy trial time was tolled due to the defense motion to continue.

{¶19} On April 14, 2021, the State filed the bill of particulars, and demanded reciprocal discovery.

{¶20} Spencer filed a motion to continue the jury trial, which the trial court granted on May 4, 2021. The jury trial was rescheduled to June 17, 2021, noting that speedy trial time was tolled due to the defense motion to continue. On June 3, 2021, the State filed a motion to continue, which the trial court granted on June 4, 2021. The jury trial was rescheduled to July 14, 2021.

{¶21} On June 7, 2021, Spencer filed a motion to dismiss based on speedy trial violations. The State filed a motion to continue the jury trial, which the trial court denied on July 8, 2021. On July 14, 2021, the State filed its response to the motion. The trial court held a hearing on July 14, 2021, where it discussed Spencer's motion to dismiss and also Spencer's notification that he wished to waive the jury trial and change his plea to guilty. At the hearing, the trial court stated it reviewed the motion to dismiss and the State's response, where it calculated the dates, and found that the speedy trial time had not run. (T. 3). The trial court next inquired as to Spencer's request to enter a plea of guilty. Spencer stated that he had "bamboozled" his appointed counsel by pretending to plead guilty so that he could get before the trial court to explain his situation. (T. 14). At that statement, appointed counsel moved to withdraw from the case, which the trial court granted. (T. 15). Spencer stated he wished to represent himself. The trial court conducted its inquiry and permitted Spencer to represent himself but appointed Spencer standby trial counsel. Via judgment entry filed July 14, 2021, the trial court scheduled the jury trial for September 1, 2021.

{¶22} On July 21, 2021, Spencer filed a pro se motion to dismiss. On July 26, 2021, Spencer filed a pro se notice of appeal with this court, which we dismissed on August 31, 2021 for lack of a final, appealable order.

{¶23} The jury trial commenced on October 5, 2021. Spencer represented himself at trial. The following facts were adduced at trial.

### People's Bank Branch in Heath, Ohio

{¶24} On July 18, 2018, Spencer and his wife, Michelle Fernan, entered the People's Bank branch, located in Heath, Ohio. Spencer presented check # 102739 to the bank teller, drawn on the account of the Velvet Ice Cream company and payable to Spencer in the amount of $985.00. Fernan also presented a check drawn on the account of the Velvet Ice Cream company, payable to Fernan, in the amount of $985.00. Velvet Ice Cream Company was an account holder at People's Bank. Spencer was not an account holder at People's Bank.

{¶25} Spencer told the teller that he had just started working at Velvet Ice Cream and he did not have direct deposit because he had just started working there. He signed the back of the check, presented his driver's license and phone number to the teller, and placed his thumb print on the check. The teller cashed the check and provided Spencer with the funds. Spencer and Fernan left the bank branch.

{¶26} After they left, the bank branch manager contacted the Velvet Ice Cream chief financial officer, who stated Spencer and Fernan were not employees, vendors, or payees of Velvet Ice Cream. The check number did not appear in the Velvet Ice Cream records. The CFO testified check # 102739 was not a check authorized by the company;

there were multiple differences between the authorized checks used by the Velvet Ice Cream company and the check cashed by Spencer on July 18, 2018.

{¶27} The bank branch manager contacted the Heath Police Department. The bank branch manager reviewed the surveillance video for the Heath branch on July 18, 2018, where she identified Spencer, Fernan, and a third individual named Drew Westover in the bank lobby while cashing the Velvet Ice Cream checks. The surveillance video was entered into evidence. Patrolman Jason Black of the Heath Police Department used LEADS to identify identified Spencer as the individual cashing the check.

### People's Bank Branch in Newark, Ohio

{¶28} The Licking County Grand Jury indicted Spencer on one count of forgery under R.C. 2913.31(A)(1) and one count of forgery under R.C. 2913.31(A)(3). The two counts were based on one fraudulent check cashed by Spencer on July 18, 2018. On April 14, 2021, the State filed the bill of particulars. The bill of particulars stated that on July 18, 2018, three individuals had presented fraudulent checks for payment at the People's Bank, where "Thomas Spencer cashed check # 102739 for $985." The bill of particulars did not state at which People's Bank branch, Newark or Heath, Spencer cashed the fraudulent check.

{¶29} At trial, the State presented the testimony of the People's Bank branch manager who testified that on July 18, 2018, Spencer presented a fraudulent check at both the Newark and Heath branches of People's Bank. The State introduced the Newark and Heath checks cashed by Spencer into evidence. Spencer did not object to the introduction of the two checks. After the branch manager concluded her testimony and out of the presence of the jury, Spencer objected to the introduction of the checks because

he argued the State did not present them to him in discovery. The trial court overruled the objection. Spencer then noted the discrepancy between the evidence presented as to the two checks and the indictment and bill of particulars, which listed only one check. The State chose to go forward on the Heath check # 102739 and the trial court sustained Spencer's motion to exclude the evidence of the Newark check. Spencer moved for a mistrial based on prejudice from the evidence already presented against him. The trial court overruled the motion for mistrial.

{¶30} The trial court provided a curative instruction to the jury when it charged the jury. It stated, "The charges. Both counts are for forgery. Both counts relate to the check presented to the Heath location. Any reference to the check presented at the Newark location should be disregarded." (T. 288).

**Duress**

{¶31} Detective Sergeant Craig Black of the Heath Police Department interviewed Spencer in October 2018, while Spencer was incarcerated on other charges. Spencer waived his *Miranda* rights. Spencer told Det. Sgt. Black that he was approached by two men from Columbus who asked him if he wanted to make money. The two men took Spencer and Fernan at gunpoint, held them at different hotels, and took them to different banks to cash checks throughout the state for over a month. Spencer did not deny cashing the check on July 18, 2018 at the Heath People's Bank. During the time he was held, Spencer told Det. Sgt. Black that he did not ask the bank tellers for help or tell the police that he was being held against his will, even when the Grandview Police responded to a shooting involving Spencer while he was allegedly being held against his will by the two men.

{¶32} Spencer testified on his own behalf. He testified that he and his wife owned a construction business. He entered into a verbal agreement with two men where he would cash checks as a deposit on construction work the two men arranged and Spencer was to complete. On July 18, 2018, the two men gave Spencer a check drawn on the Velvet Ice Cream account as a deposit for a construction job to be completed by Spencer. The men drove Spencer and his wife to the bank, where Spencer cashed the check. Spencer denied knowing the check was fraudulent but admitted that he cashed a forged check. After he cashed the check, Spencer testified he knew something was wrong and he called the Heath People's Bank, tipping them off to the fraudulent activity. Seven days after he cashed the check, Spencer testified that he was grazed by a bullet to the face, shot by the people holding him and his wife hostage. The Grandview Police responded to the shooting and listed the incident as a robbery. Spencer testified he had been convicted of forgery charges in Coshocton County, Pickaway County, Montgomery County, Franklin County, and Fairfield County.

**Conviction and Sentence**

{¶33} At the conclusion of his defense, Spencer moved for dismissal of the charges pursuant to Crim.R. 29. The trial court denied the motion.

{¶34} The jury found Spencer guilty of Count Two, forgery in violation of R.C. 2913.31(A)(3), and not guilty of Count One, forgery in violation of R.C. 2913.31(A)(1).

{¶35} The trial court sentenced Spencer to 11 months in prison to be served consecutively to the prison sentences imposed in the other forgery cases.

{¶36} It is from the October 6, 2021 sentencing judgment entry that Spencer now appeals.

**ASSIGNMENTS OF ERROR**

{¶37} Spencer raises four Assignments of Error:

{¶38} "I. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT THE CONVICTIONS.

{¶39} "II. THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶40} "III. THE TRIAL COURT ERRED IN DENYING A MISTRIAL AFTER EVIDENCE WAS PRESENTED CONCERNING CRIMINAL CHARGES NOT BROUGHT AGAINST APPELLANT.

{¶41} "IV. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS FOR VIOLATIONS OF HIS RIGHT TO SPEEDY TRIAL."

**ANALYSIS**

**IV. SPEEDY TRIAL**

{¶42} We first address Spencer's fourth Assignment of Error. In his fourth Assignment of Error, Spencer contends the trial court erred when it denied his motion to dismiss based on the violation of his right to a speedy trial. We disagree.

{¶43} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 383 N.E.2d 579 (1978); *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980). In determining whether a constitutional speedy-trial violation exists, the reviewing court must balance four factors: "the length of the delay, the reason for the delay, the accused's assertion of his or her

right to a speedy trial, and the prejudice to the accused as a result of the delay." *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). "[T]he length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Id*. at 530-531.

{¶44} Our review of the trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. McKinney*, 5th Dist. Delaware No. 11-CA-26, 2011-Ohio-3951, ¶ 16, internal citations omitted. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. *Id*. However, we must independently review whether the trial court properly applied the law to the facts of the case. *Id*. Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. *Id*., citing *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996).

{¶45} Spencer was charged with a fifth-degree felony. A person charged with a felony must be brought to trial within 270 days unless the right to a speedy trial is waived. R.C. 2945.71(C)(2). Spencer did not waive his right to a speedy trial. He contends that when he filed his motion to dismiss on June 7, 2021, 760 days had elapsed. In his motion to dismiss and appellate brief, Spencer argues his right to a speedy trial was violated pursuant to the *Baker* factors; however, Spencer has neglected to provide this Court with an accounting of days or mention significant tolling events, such as the COVID-19 pandemic.

{¶46} On May 30, 2019, Spencer was reindicted in Case No. 2019 CR 00416. The State was not aware of Spencer's location until he submitted a Notice of Place of

Imprisonment and Request for Disposition of Indictments, Information or Complaints on May 26, 2020. Spencer was incarcerated on other convictions and never held in Case No. 2019 CR 00416. On March 27, 2020, the Ohio legislature tolled all statutory time limitations in criminal cases set to expire between March 9, 2020 and July 30, 2020. *See* 2020 Am. Sub. H.B. 197, Section 22(A)(3),(10),(B),(C) (tolling retroactive to March 9, 2020, which shall last until the sooner of July 30, 2020 or the expiration of the declaration of emergency in the Executive Order 2020-01D). The emergency declared by the governor lasted longer than the longest end date in the act, thus the expiration date for tolling under the emergency act was July 30, 2020. The emergency act was enacted as "an emergency measure necessary for the immediate preservation of the public peace, health, and safety" to "respond to the declared pandemic and global health emergency related to COVID-19." *Id.* at Section 40. See also Ohio Constitution, Article II, Section 1d. *See State v. Beal*, 5th Dist. No. 21CA3, 2021-Ohio-3812, 179 N.E.3d 754, 2021 WL 4979907, ¶ 33.

{¶47} In its response to Spencer's motion to dismiss, the State outlined the tolling events to demonstrate that Spencer's speedy trial rights were not violated. Spencer was arraigned on October 27, 2020. His counsel requested discovery on November 2, 2020. His counsel moved to withdraw on February 19, 2021 and new counsel was appointed on March 10, 2021. New counsel requested discovery on March 10, 2021. New counsel moved to withdraw on March 12, 2021 and new counsel was appointed on March 15, 2021. The trial court held a pretrial on March 19, 2021, where the pretrial order stated the speedy trial provisions were "currently tolled" and trial was set for March 23, 2021. Defense counsel filed a motion to continue on March 22, 2021, which was granted, and

trial continued to May 5, 2021. The State responded to Spencer's request for discovery on April 14, 2021 and it made a reciprocal request for discovery on April 14, 2021. Defense counsel made a second motion to continue on May 3, 2021, which was granted and trial continued to June 17, 2021. The State filed a motion to continue on June 3, 2021, which was granted and the speedy trial time calculated to August 12, 2021. The jury trial was continued to July 14, 2021. On July 14, 2021, Spencer appeared before the trial court to enter a change of plea, but he admitted the change of plea request was a ploy to get himself before the court. Trial was set for September 1, 2021. Spencer filed a notice of appeal on July 26, 2021, which was dismissed on August 31, 2021. On September 2, 2021, the trial court set the trial for October 5, 2021, which went forward.

{¶48} In this case, we find the State established that Spencer, who was indicted during the pandemic, filed three motions to continue the trial date, two requests for discovery, one interlocutory appeal, and one motion to change his plea under false pretenses, was not denied his right to a speedy trial.

{¶49} Spencer's fourth Assignment is overruled.

### I. and II. SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE

{¶50} In his first and second Assignments of Error, Spencer contends his conviction under R.C. 2913.31(A)(3) was against the sufficiency and the manifest weight of the evidence. We disagree.

{¶51} The trial court denied Spencer's Crim.R. 29 motion for acquittal. The appellate court reviews a denial of a Crim.R. 29 motion for acquittal using the same standard used to review a sufficiency of the evidence claim. *State v. Henderson*, 5th Dist. Richland No. 17CA104, 2019-Ohio-4958, ¶ 15 citing *State v. Larry*, 5th Dist. Holmes No.

15CA011, 2016-Ohio-829, ¶ 20 citing *State v. Carter*, 72 Ohio St.3d 545, 553, 651 N.E.2d 965, 1995-Ohio-104.

{¶52} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶53} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins, supra*, 78 Ohio St.3d at 387, 678 N.E.2d 541. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶54} Spencer was convicted of forgery pursuant to R.C. 2913.31(A)(3). The statute reads:

(A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:

* * *

(3) Utter, or possess with purpose to utter, any writing that the person knows to have been forged.

R.C. 2913.01, the definitional statute for R.C. 2913.31, defines "defraud" as "to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another." R.C. 2913.01(B). "Forge" is defined as "to fabricate or create, in whole or in part and by any means, any spurious writing, or to make, execute, alter, complete, reproduce, or otherwise purport to authenticate any writing, when the writing in fact is not authenticated by that conduct." R.C. 2913.01(G). "Utter" means "to issue, publish, transfer, use, put or send into circulation, deliver, or display." R.C. 2913.01(H).

{¶55} Spencer contends the State failed to establish that he had a purpose to defraud or knowingly deceive when he cashed the check at the Heath People's Bank. He maintained that although he was provided the Velvet Ice Cream check from two men who asked if he and his wife wanted to make some money, he did not know the Heath check was fraudulent. He testified that he when he walked into the bank, he believed he was cashing a check from the Velvet Ice Cream company as a deposit for construction work coordinated by the two men.

{¶56} The record shows Spencer also testified that he was the one who called People's Bank to tip the bank off that the check was fraudulent. The record shows that after Spencer and his wife cashed the checks on July 18, 2018, the People's Bank branch manager contacted the Velvet Ice Cream CFO on the same day regarding checks that had been cashed against the Velvet Ice Cream business account. The Velvet Ice Cream CFO told the bank branch manager the check was fraudulent, and the police were called.

{¶57} Det. Sgt. Black testified that during his interview, Spencer told him that he "passed a check." When Det. Sgt. asked Spencer how he obtained the check, Spencer told him that he and his wife were approached by two men who asked Spencer if he wanted to make some money. They were then taken at gunpoint, held in different hotels, and driven to different banks to cash checks. Det. Sgt. Black asked Spencer if after they cashed the check, did he get a predetermined amount of money? Spencer said the men gave them heroin, not money, after the check was cashed.

{¶58} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the trier of fact may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Frye*, 5th Dist. Richland No. 17CA5, 2017-Ohio-7733, 2017 WL 4176953, ¶ 47 quoting *State v. Johnson*, 5th Dist. Stark No. 2014CA00189, 2015-Ohio-3113, 41 N.E.3d 104, ¶ 61, citing *State v. Nivens*,

10th Dist. Franklin No. 95APA09-1236, 1996 WL 284714 (May 28, 1996). The jury need not believe all of a witness' testimony but may accept only portions of it as true. *Id.*

{¶59} The jury in this case found the evidence demonstrated Spencer uttered the Heath check, which he knew was forged. There was conflicting testimony from Spencer himself where he testified that he did not know the check was forged but then testified that he knew the check was forged, so he called the bank to let them know the check was forged. Spencer was also charged with a violation of R.C. 2913.31(A)(1) where, "No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall * * * [f]orge any writing of another without the other person's authority." The jury found Spencer not guilty of forgery in violation of R.C. 2913.31(A)(1). The jury's not guilty finding shows the jury considered the conflicting evidence and discerned the State had not met its burden under R.C. 2913.31(A)(1) that Spencer had forged the Heath check, but had demonstrated beyond a reasonable doubt that Spencer committed the uttering offense under R.C. 2913.31(A)(3).

{¶60} Upon this record, there was sufficient evidence to establish the elements of forgery pursuant to R.C. 2913.31(A)(3). We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387. Upon our review of the entire record in this matter, Spencer's conviction was not against the sufficiency or the manifest weight of the evidence.

{¶61} Spencer's first and second Assignments of Error are overruled.

### III. MISTRIAL

{¶62} In his third Assignment of Error, Spencer argues the trial court erred when it denied Spencer's motion for mistrial. We disagree.

{¶63} "Mistrials need to be declared only when the ends of justice so require and a fair trial is no longer possible." *State v. Edmonds*, 2018-Ohio-2832, 117 N.E.3d 83, ¶ 15 (5th Dist.) quoting *State v. Franklin*, 62 Ohio St.3d 118, 127, 580 N.E.2d 1 (1991). The standard of review for evaluating a trial court's decision to grant or deny a mistrial is abuse of discretion. *State v. Maurer*, 15 Ohio St.3d 239, 473 N.E.2d 768 (1984). In reviewing a claim that a mistrial should have been granted, the Ohio Supreme Court has noted "[t]his court has instead adopted an approach which grants great deference to the trial court's discretion in this area, in recognition of the fact that the trial judge is in the best position to determine whether the situation in his courtroom warrants the declaration of a mistrial." *State v. Shaffer*, 5th Dist. Richland No. 2003-CA-0108, 2004-Ohio-3717, 2004 WL 1563644, ¶ 18 quoting *State v. Widner* (1981), 68 Ohio St.2d 188, 429 N.E.2d 1065. See, also, *Wade v. Hunter* (1949), 336 U.S. 684, 687, 69 S.Ct. 834, 836, 93 L.Ed. 974. An abuse of discretion connotes more than an error of law or judgment. It implies that the trial court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶64} Spencer contends he was prejudiced by the introduction of the Newark and Heath checks into evidence, preventing him from obtaining a fair trial. He states the trial court's curative instruction came too late to prevent the prejudice. The only cure for the prejudice against him was for the trial court to declare a mistrial. Upon a review of the record, we find no abuse of discretion for the trial court to deny Spencer's motion for a mistrial. First, Spencer did not timely object to the evidence when the State introduced the checks during the bank branch manager's testimony. Spencer waited to make his objection until after the evidence was introduced and testimony was given as to those

checks. Spencer waived his right to counsel and represented himself at trial. A defendant who elects to represent himself cannot complain about the quality of his own defense. *State v. Khamsi*, 2020-Ohio-1472, 153 N.E.3d 900, ¶ 42 (1st Dist.) citing *Faretta v. California*, 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562, fn. 46. Second, Spencer delaying his objection to the evidence implicates the invited error doctrine. Under the invited error doctrine, "a party is not entitled to take advantage of an error that he himself invited or induced." *State v. Doss*, 8th Dist. Cuyahoga No. 84433, 2005-Ohio-775, 2005 WL 433531, ¶ 5 quoting *State ex rel. Kline v. Carroll*, 96 Ohio St.3d 404, 775 N.E.2d 517, 2002-Ohio-4849; *State v. Smith*, 148 Ohio App.3d 274, 772 N.E.2d 1225, 2002-Ohio-3114, at ¶ 30. "The doctrine precludes a defendant from making 'an affirmative and apparent strategic decision at trial' and then complaining on appeal that the result of that decision constitutes reversible error. *State v. Jarrell*, 4th Dist. No. 15CA8, 2017-Ohio-520, 85 N.E.3d 175, 2017 WL 587320, ¶ 54 quoting *Doss* at ¶ 7, quoting *United States v. Jernigan*, 341 F.3d 1273, 1290 (11th Cir.2003).

{¶65} Third, the trial court gave a curative instruction to the jury. It is well-established that juries are presumed to follow and obey the limiting instructions given them by the trial court. *State v. Davis*, 5th Dist. Richland No. 14 CA 34, 2015-Ohio-889, 31 N.E.3d 1204, ¶ 54, citing *State v. DeMastry*, 155 Ohio App.3d 110, 127, 799 N.E.2d 229, 2003-Ohio-5588, ¶ 84; *State v. Franklin* (1991), 62 Ohio St.3d 118, 127, 580 N.E.2d 1 (1991); *Zafiro v. United States*, 506 U.S. 534, 540, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). "A presumption always exists that the jury has followed the instructions given to it by the trial court." *Pang v. Minch*, 53 Ohio St.3d 186, 187, 559 N.E.2d 1313 (1990), at paragraph four of the syllabus, rehearing denied, 54 Ohio St.3d 716, 562 N.E.2d 163. A

curative instruction is presumed to be an effective remedy for the introduction of improper statements during the course of a trial. *See State v. Zeurn*, 32 Ohio St.3d 56, 61, 512 N.E.2d 585 (1987). Moreover, a jury is presumed to follow the court's curative instructions concerning improper comments. S*ee State v. Ahmed*, 103 Ohio St.3d 27, 2004-Ohio-4190, 813 N.E.2d 637, ¶93 (stating that the jury can be presumed to have followed the court's instructions to disregard testimony).

{¶66} Spencer's third Assignment of Error is overruled.

## CONCLUSION

{¶67} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Wise, John, J., concur.